IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELIZABETH R SMITH,

   Plaintiff,

v.             CASE NO. 4:10-cv-00472-MP-WCS

MICHAEL J ASTRUE,

   Defendant.

_____/

## O R D E R

   This matter is before the Court on Doc. 16, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be reversed and the matter remanded for further consideration.  The time for filing objections has passed, and none have been filed.   Upon consideration, the Court agrees that the findings of the Administrative Law Judge were not based upon substantial evidence in the record and did not correctly follow the law.  The decision of the Commissioner to deny Plaintiff's application for benefits should be reversed and remanded under sentence four of 42 U.S.C. § 405(g) to correct the errors and findings described in the Report and Recommendation and in the manner set out below.

   A remand under sentence four is considered a final judgment.  Bergen v. Commissioner, 454 F.3d 1273 (11th Cir. 2006).  Thus, absent a court order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after the order of remand to file a motion with the District Court requesting an award of attorney fees.  Fed. R. Civ. P.  54(d)(2)(B).  This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid

from plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1).   Bergen, 454 F.3d at

1277-78.  However, plaintiff's counsel in such a case will not know the amount of benefits - and

therefore fees - until after the Commissioner awards benefits, which typically takes longer than

fourteen days after the entry of judgment.  Therefore, an extension of time to seek such fees is

warranted, and was recommended by the Bergen opinion.  Id.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge is adopted, the decision of the
Administrative Law Judge is reversed, and this matter is remanded to the Commissioner.

This Clerk is directed to enter final judgment remanding this case to the Commissioner
under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings in order
(1) to fully discuss all of the opinions of Dr. Ortiz and give them substantial weight, or to
clearly articulate the reasons for not doing so, supported by substantial evidence in the
record; (2) to fully discuss the opinion of Dr. Faruqui and give it appropriate weight, or to
clearly articulate the reasons for not doing so, supported by substantial evidence in the
record; (3) to contact the Bond Clinic and obtain or account for the letter written by
ARNP Towler, unless it is not needed because the ALJ determines that the opinions of
Drs. Ortiz and Faruqui are to be given substantial weight; (4) to correctly consider the
effect of fibromyalgia upon Plaintiff's experience of pain, in accordance with the caselaw
set forth in this report and recommendation; (5) to include in the residual functional
capacity determination a finding that (a) Plaintiff would require more encouragement
than most people do when encountering work difficulties or social challenges, (b) is
limited in her ability to have frequent, protracted, or demanding social interaction, and (c)
is limited in her ability to do work requiring technical precision; and (6) to find that
Plaintiff's testimony at the administrative hearing as to the severity of her pain and
depression is true and now established.

Pursuant to Bergen, proceedings on attorney fees under the Social Security Act, 42
U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand.  The
plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel
receives notice from the Commissioner as to plaintiff's past due benefits.

This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this *21st* day of October, 2011

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge